UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAFAEL GIL**,<br><br>    Plaintiff,<br><br>    v.<br><br>**NEIGHBORS' CONSEJO**, *et al.*,<br><br>    Defendants. | Civil Action No. 19-2197 (TSC) |

**MEMORANDUM OPINION**

Plaintiff Rafael Gil initially brought this suit against the non-profit rehabilitation center Neighbors' Consejo, its former employees, and the District of Columbia Department of Behavioral Health. Plaintiff has now moved for leave to amend his Complaint, modifying both the named defendants and the asserted causes of action. Defendants oppose Plaintiff's motion, and defendant Nancy M. Moran-Gaitan has moved to dismiss his initial Complaint. For the reasons set forth below, the court will GRANT in part and DENY in part Plaintiff's motion for leave to amend, and will GRANT in part defendant Moran-Gaitan's motion to dismiss.

I.  BACKGROUND

Plaintiff's initial Complaint, filed *pro se,* alleges that in September 2014, he enrolled at Neighbors' Consejo "for treatment of acute chronic alcoholism." Compl. ¶¶ 8, 13, 17, ECF No. 1. He claims that Neighbors' Consejo and its employees forced him to abandon his course of treatment, perform work involving long hours and dangerous conditions, and endure sub-standard housing and medical care. *Id.* ¶¶ 18–20, 25–26, 29–30, 32–34. Plaintiff brought a claim of Negligent Infliction of Emotional Distress against Neighbors' Consejo, its former employees, and the District of Columbia Department of Behavioral Health. *Id.* ¶¶ 8–12, 36–41.

Page **1** of **9**

Two of the former employee Defendants filed *pro se* Answers to the Complaint. Nancy M. Moran-Gaitan's Answer stated that she was "without sufficient information to admit or deny" most of the allegations in the Complaint. *See* ECF No. 3. Silvanna Donet likewise denied most of the allegations, although she later received leave to withdraw her Answer. *See* ECF No. 6; January 28, 2020 Minute Entry.

After the initial pleadings, however, the parties obtained counsel. Once represented, Plaintiff moved for leave to amend his Complaint. *See* ECF No. 19 ("Pl.'s Mot."); Am. Compl., ECF No. 19-1. Through counsel, Defendants Moran-Gaitan and Donet separately opposed amendment, with Moran-Gaitan's opposition also moving to dismiss Plaintiff's original Complaint. *See* ECF Nos. 25 ("Donet Opp."), 26 ("Moran-Gaitan Opp.).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 directs courts to "freely give leave" to amend a complaint "when justice so requires." "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting leave to amend is therefore appropriate "[i]n the absence of any apparent or declared reason" to deny it, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id*. A defendant "bears the burden" of demonstrating that leave should be denied. *Council on Am.-Islamic Rels. Action Network, Inc. v. Gaubatz*, 891 F. Supp. 2d 13, 31 (D.D.C. 2012). A court "should not deny leave to amend based solely on time elapsed between the filing of the complaint and the request for leave to amend." *Appalachian Voices v. Chu*, 262 F.R.D. 24, 27 (D.D.C. 2009) (citing *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996)). Rather, the court should consider whether the

delay is "undue" by "tak[ing] into account the actions of other parties and the possibility of any resulting prejudice." *Atchinson*, 73 F.3d at 426 (citing *Sinclair v. Kleindienst*, 645 F.2d 1080, 1085 (D.C. Cir. 1981)).

### III. ANALYSIS

Defendants have not shown that Plaintiff's request for leave to amend was made in bad faith, or that it would result in undue delay or prejudice. However, the court concludes that it would be futile to raise at least some of his proposed amended claims against some of the Defendants, and therefore will deny leave to amend with respect to those claims.

#### A. **Undue delay, prejudice, or bad faith**

Defendant Donet argues that Plaintiff's request constitutes undue delay and would cause her prejudice because she "continues to have to defend against a complaint and proposed amended complaint that are both baseless in regards to her." Donet Opp. at 6; *see id.* at 7. But whether Plaintiff's claims are baseless will be tested in future dispositive motions or trial; Donet cannot simply declare them so and claim resultant prejudice at this stage. A party opposing leave to amend "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Uzoukwu v. Metro. Washington Council of Governments*, 983 F. Supp. 2d 67, 85 (D.D.C. 2013) (quotation omitted). Donet has made no such showing, and the court does not find undue delay or prejudice at this early pleadings stage.

Likewise, Donet provides no support for her assertion that the proposed amendments are made in bad faith. She contends only that Plaintiff proposes the amendments to "'muddy the waters' of [the] court's resolution of the case." Donet Opp. at 9 (quoting *Hoffman v. United States*, 266 F. Supp. 2d 27, 34 (D.D.C. 2003)). But this case is not "on the verge of final resolution"—discovery has not begun and a trial date has not been scheduled—and so there is no

"spectre of bad faith" or appearance that Plaintiff is "attempting to resuscitate previously-rejected claims." *Hoffman*, 266 F. Supp. 2d at 34. Accordingly, the court finds no bad faith to cause it to depart from Rule 15's command that leave to amend shall be freely given on grounds of bad faith.

**B. <u>Futility</u>**

"A district court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss." *In re InterBank Funding Corp. Sec. Litig.,* 629 F.3d 213, 215 (D.C. Cir. 2010) (citation omitted). Thus, "review in this instance is, for practical purposes, identical to review of a Rule 12(b)(6) dismissal based on the allegations in the amended complaint," which "treats the complaint's factual allegations as true" and grants Plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Id.* (citations omitted). Based on that standard, the court will deny Plaintiff leave to amend with respect to certain claims, but grant leave with respect to the others.

1. <u>Claims against Defendant Moran-Gaitan</u>

To begin, none of Plaintiff's amended claims against Defendant Moran-Gaitan would survive a motion to dismiss because they are all time-barred. *See* Am. Compl. ¶¶ 64–89. "Where the fact of an injury can be readily determined, a claim accrues for purposes of the statute of limitations at the time the injury actually occurs." *Mullin v. Washington Free Weekly, Inc.*, 785 A.2d 296, 298 (D.C. 2001) (quotation marks and citation omitted). A three-year limitations period applies to wage violations under D.C. law, D.C. Code § 32-1308(c)(1); willful violations of the Fair Labor Standards Act, 29 U.S.C. § 255(a); and fraud, D.C. Code § 12-301(8). As Plaintiff concedes, Moran-Gaitan "stopped working at Neighbors' Consejo on June 29, 2016, more than three years before Plaintiff filed this action," and therefore did not harm Plaintiff within the limitations periods for those claims. Pl.'s Reply at 3 n.2 (citing Moran-

Gaitan Answer ¶ 9, ECF No. 3). Plaintiff agrees, therefore, that the court "should deny Plaintiff's Motion to Amend with respect to these three claims." *Id.* at 3.

Plaintiff's Negligent Infliction of Emotional Distress claim against Moran-Gaitan suffers from the same defect, as it is also subject to a three-year limitations period. D.C. Code § 12-301(8); *see Rendall-Speranza v. Nassim*, 107 F.3d 913, 920 (D.C. Cir. 1997) ("[A]n independent action for intentional infliction of emotional distress is subject to the District's three-year residual limitation period."). Moran-Gaitan left the position in which she allegedly harmed Plaintiff more than three years before he sued. Moran-Gaitan Answer ¶ 9. On its face, then, this claim is also time-barred. Because Plaintiff asserted a version of the same claim in his original Complaint, *see* Compl. ¶¶ 36–40, however, he argues that Moran-Gaitan waived any statute of limitations defense by failing to assert it in her original Answer, Pl.'s Reply at 3–4. But the ordinary rule that "a party's failure to plead an affirmative defense . . . generally results in the waiver of that defense and its exclusion from the case," *Kapche v. Holder*, 677 F.3d 454, 465 (D.C. Cir. 2012), does not so clearly apply to a situation where a plaintiff also seeks to amend the complaint. *See Ramsay-Nobles v. Keyser*, 2018 WL 6985228, at *4–5 (S.D.N.Y. Dec. 18, 2018) (surveying a range of approaches courts have taken to this situation).

The court will allow Moran-Gaitan to assert the statute of limitations defense to the Negligent Infliction of Emotional Distress against her. As an initial matter, if the court allowed Plaintiff to re-assert a clarified version of this claim in the Amended Complaint, then it would also allow Moran-Gaitan to amend her Answer to assert that defense. Rule 15(a) directs that leave to amend both forms of pleadings shall be freely given, and here what is good for the goose is good for the gander. Moreover, "the purpose of pleading under the Federal Rules of Civil Procedure is 'to facilitate a proper decision on the merits,' not to set the stage for 'a game of skill

in which one misstep by counsel may be decisive to the outcome.'" *Dove v. Washington Metro. Area Transit Auth.*, 221 F.R.D. 246, 247 (D.D.C. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 181–82 (1962)).  Denying Moran-Gaitan the opportunity to assert a statute of limitations defense now would defeat that purpose, particularly because she filed her original Answer *pro se*.  *See* Moran-Gaitan Answer; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Norris v. Salazar*, 746 F. Supp. 2d 1 (D.D.C. 2010) (noting the "wider latitude given to *pro se* litigants" to amend pleadings, even when later represented by counsel).  In any event, Plaintiff has not pointed to any prejudice flowing from Moran-Gaitan's failure to assert the defense in the first instance.

Consequently, the court will deny Plaintiff leave to amend the Complaint with respect to his claims against Defendant Moran-Gaitan, and will grant Moran-Gaitan's Motion to Dismiss Plaintiff's Negligent Infliction of Emotional Distress Claim against her as time-barred.

2. <u>Claims against Defendant Rodriguez</u>

Plaintiff also seeks to clarify his Negligent Infliction of Emotional Distress claim against Defendant Rodriguez, and to further assert claims of wage violations under both D.C. law and the Fair Labor Standards Act against her.  *See* Am. Compl. ¶¶ 64–79.  No party opposes these amendments, although Rodriguez might have done so had she been properly served and appeared in this lawsuit.  *See* Order, ECF No. 7.  Failure to timely serve may result in dismissal of an action.  Fed. R. Civ. P. 4(m).  But because Plaintiff was proceeding *pro se* at earlier stages of this action, the court will grant leave to amend with respect to his claims against Rodriguez and permit him an additional thirty days to properly serve her.

3. <u>Claims against Defendant Donet</u>

That leaves Plaintiff's two claims against Defendant Donet for Negligent Infliction of Emotional Distress and Fraud. Donet argues that the Amended Complaint does not plausibly plead either claim. The court disagrees.

Plaintiff's amended allegations—while somewhat tenuous—sufficiently support a claim of Negligent Infliction of Emotional Distress against Donet at the pleadings stage. Such a claim arises when "(1) the plaintiff was in the zone of physical danger, which was (2) created by the defendant's negligence, (3) the plaintiff feared for his own safety, and (4) the emotional distress so caused was serious and verifiable." *Rice* v. *District of Columbia*, 774 F. Supp. 2d 25, 33 (D.D.C. 2011).[1] Giving Plaintiff "the benefit of all inferences that can be derived from the facts alleged," *In re InterBank Funding Corp. Sec. Litig.*, 629 F.3d at 215, the Amended Complaint adequately pleads each of those elements.

First, Plaintiff alleges that living conditions at the Neighbors' Consejo residences were unsafe. Am. Compl. ¶¶ 29–30, 66. Contrary to Donet's protest, Donet Opp. at 9–10, it does not matter that she worked in the main office rather than in the residences—what matters is that Plaintiff was in the zone of physical danger. Second, Plaintiff alleges that Donet assigned him to one of those residences, despite knowing that it was unsafe. *Id.* ¶¶ 27, 31. To be sure, the allegations are not crystal clear on the degree to which Donet was responsible for the residences' conditions in her role as an Intake Coordinator, *see* Donet Opp. at 10, but her alleged knowledge

---

[1] A claim may also arise when "(1) the defendant has a relationship with the plaintiff, or has undertaken an obligation to the plaintiff, of a nature that necessarily implicates the plaintiff's emotional wellbeing, (2) there is an especially likely risk that the defendant's negligence would cause serious emotional distress to the plaintiff, and (3) negligent actions or omissions of the defendant in breach of that obligation have, in fact, caused serious emotional distress to the plaintiff." *Hedgepeth* v. *Whitman Walker Clinic*, 22 A.3d 789, 810–11 (D.C. 2011). The court does not reach whether Plaintiff plausibly pled his claim under this theory.

of their unsafe state and misappropriation of funds "intended for Neighbors' Consejo," *see* Am. Compl. ¶¶ 31, 66, suggests that she may have played some role in creating that zone of danger. As for the third and fourth elements, the court concludes that Plaintiff's detailed descriptions of the residences as "deplorable," "hazardous," and not "maintained in a safe [or] sanitary manner," *id.* ¶¶ 29–30, are enough to support the inference that he feared for his safety and suffered "severe emotional distress" as a result of living there, *id.* ¶ 68. While these allegations suffice to survive a motion to dismiss, Plaintiff may struggle to satisfy a heightened burden of proof for this claim at later stages of this suit.

The Amended Complaint also succeeds in stating a claim of Fraud against Donet. "At common law, the requisite elements of fraud are (1) a false representation; (2) made in reference to a material fact; (3) with knowledge of its falsity; (4) with the intent to deceive; and (5) an action that is taken in reliance upon the representation." *Antoine v. U.S. Bank Nat'l Ass'n*, 547 F. Supp. 2d 30 (D.D.C. 2008). Under Federal Rule of Civil Procedure 9(b), a plaintiff must "state with particularity the circumstances constituting fraud or mistake," meaning the "who, what, when, where, and how" of the fraud. *McQueen v. Woodstream Corp.*, 249 F.R.D. 73, 77 (D.D.C. 2008). Plaintiff has made the required allegations here—specifically, that Donet knew about but intentionally omitted the residences' sub-standard conditions when describing the Neighbors' Consejo treatment program to "induc[e] him to enroll," which he did in reliance on the understanding that there were safe living spaces and basic amenities. Am. Compl. ¶¶ 31, 83. That "Ms. Donet allegedly acted in tandem with Ms. Gaitan" in that conduct, Donet Opp. at 12, does not render the allegations too vague; the inference may still be drawn that Donet independently made statements or omissions sufficient to constitute fraud. Thus, Plaintiff has also plausibly pleaded this claim.

## IV.     CONCLUSION

For these reasons, the court will GRANT in part and DENY in part Plaintiff's Motion for Leave to File the Amended Complaint, ECF No. 19, and will GRANT in part Defendant Moran-Gaitan's Motion to Dismiss, ECF No. 28.  Specifically, the court will dismiss Plaintiff's Negligent Infliction of Emotional Distress claim against Moran-Gaitan as time-barred, and deny Plaintiff leave to amend with the other proposed claims against her for the same reason.  But the court will grant leave to amend with respect to all claims against Defendants Rodriguez and Donet.  Additionally, the court will grant Plaintiff an additional 30 days to properly serve Rodriguez.  A corresponding Order will accompany this Memorandum Opinion.

Date: July 7, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge